UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JIM THOMAS,<br><br>　　　　　Respondent. | CASE NO. 2:21-cv-7358-DSF (SK)<br><br>**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

　　Petitioner, a pretrial detainee at El Dorado County Jail, has filed a petition under 28 U.S.C. § 2254 that names a former Santa Barbara County Sheriff as the respondent and seeks to collaterally attack two 35-year-old convictions from that county with no connection to his pretrial detention. (ECF 1 at 3-4; *see also* El Dorado Cnty. Jail Booking No. JN2101492). The petition must be dismissed because "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." L.R. 72-3.2.

　　First, Petitioner has named the wrong respondent in Jim Thomas, the former Santa Barbara County Sheriff. The "proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Failure to name the correct respondent deprives the Court of personal jurisdiction. *See Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004).

　　Second, even if Petitioner had named the right respondent, the petition would still confer no jurisdiction under § 2254. For that, Petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Whatever crime he is now being detained for at El Dorado County Jail, however,

cannot meet that jurisdictional "in custody" requirement since he has not yet been convicted and sentenced for that crime. *See* 28 U.S.C. § 2254(a) (conferring jurisdiction only over petitioners who are "in custody pursuant to the judgment of a State court"); *Dominguez v. Kernan*, 906 F.3d 1127, 1135-36 (9th Cir. 2018) (confirming that § 2254 can provide only post-conviction relief). And Petitioner has by now presumably completed his custodial sentence for his 1985 convictions from Santa Barbara County. Thus, he cannot now be "in custody" at El Dorado County Jail for an expired sentence from state convictions he sustained in a different county more than three decades ago. *See Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (habeas petition filed after sentence for challenged conviction had expired cannot satisfy "in custody" requirement even if that conviction has collateral consequence of enhancing subsequent sentence for new crime).

Third, Petitioner's challenge to the circumstances of his current pretrial detention alleges no cognizable federal claim under § 2254. Evidently, Plaintiff believes that he was booked under someone else's name, identification, or booking number. (ECF 1 at 3). Even if that is true, it does not add up to any "violation of the Constitution or law or treaties of the United States," as required for federal habeas relief. 28 U.S.C. § 2254(a). In any event, the Court takes judicial notice that Petitioner is being held at El Dorado County Jail under his own name and booking number (JN2101492). *See* http://www.inmatesearchcalifornia.org/El_Dorado_County.html (last visited Sept. 24, 2021). So Petitioner's claim has no basis in fact either.

Finally, even setting aside these fatal jurisdictional flaws, the petition is procedurally defective to the extent that it seeks to attack Petitioner's decades-old convictions for possession of marijuana and stolen property. In fact, Petitioner has already challenged those same convictions here (unsuccessfully) in a prior § 2254 petition that was dismissed two years ago,

in part, for being untimely. (*See Craig v. Santa Barbara Cnty. Sup. Ct.*, Case No. 2:19-cv-05177-DSF). There is nothing in the current petition, however, to suggest that—two more years later—the untimeliness analysis could be any different this time. (*See id.*, ECF 10). Moreover, to file this second and successive petition, Petitioner had to obtain authorization from the Ninth Circuit first. *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Yet Petitioner presents no evidence of such preauthorization, nor has the Court's independent search revealed any.

For all these reasons, the petition is DISMISSED for lack of jurisdiction. Because any jurisdictional defects in the petition cannot be cured, neither referral to the Ninth Circuit nor leave to amend would serve any purpose. *See* Circuit Rule 22-3; *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021). Thus, judgment dismissing this action with prejudice will be entered accordingly.

In addition, a certificate of appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would find it debatable whether the Court is correct in its procedural rulings. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: October 1, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
STEVE KIM
U.S. MAGISTRATE JUDGE